UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID AND LINDA CULPEPPER,                                      6:12-cv-969-TC

                            Plaintiffs,

                                              FINDINGS AND RECOMMENDATION

        v.

WELLS FARGO BANK, N.A.,

                            Defendant.

COFFIN, Magistrate Judge:

Plaintiff Linda Culpepper took out a home loan with World Savings Bank, a predecessor to defendant Wells Fargo, in 2005. After defaulting on the loan and surrendering the home to Wells Fargo, plaintiffs filed for Chapter 7 bankruptcy. In February of 2010 plaintiffs were granted a discharge in their Chapter 7 Bankruptcy petition, which included discharge of the home loan.

In April 2012, plaintiffs filed suit in Oregon state court alleging that Wells Fargo telephonically harassed them with no legitimate purpose by continuing call them about the discharged home loan. (#1-1). Plaintiffs claim that Wells Fargo called them repeatedly, despite numerous requests–including a request for plaintiffs' attorney, to stop calling. According to

Page 1 - FINDINGS AND RECOMMENDATION

plaintiffs, the nearly-every-day phone calls caused plaintiffs to manifest physical symptoms of pain,

exhaustion, dropped blood pressure and emotional symptoms of worry, anxiety and other negative

emotions. Mr. Culpepper was very sick, and the phone calls interfered with his rehabilitation.

Plaintiffs seek injunctive relief, $40,000 in actual damages, reasonable attorney fees and costs, and

$1,000,000 in punitive damages "to be asserted in an amended complaint." (#1-1 at *19). Wells

Fargo timely removed this action under 28 U.S.C. §§ 1332 and 1441. Now before me is plaintiff's

motion to remand, which Wells Fargo opposes. After careful consideration of the briefing and the

arguments raised at the August 8, 2012 hearing, I recommend that this court deny plaintiffs' motion.

## Legal Standard

Upon a party's motion, a federal court can remand a case to state court for lack of subject

matter jurisdiction at any time before the court issues final judgment. 28 U.S.C. § 1447(c). The

party opposing the motion to remand has the burden of proving federal jurisdiction. Wilson v.

Republic Iron & Steel Co., 257 U.S. 92, 97(1921). The removal statute is strictly construed against

removal jurisdiction and any doubt is resolved in favor of remand. Boggs v. Lewis, 863 F.2d 662,

663 (9th Cir.1988).

## Discussion

Suits filed in state court may be removed to federal court if the federal court would have had

original subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332,

a federal court has original jurisdiction of all actions where the matter in controversy exceeds

$75,000 and is between citizens of different states. Here, the parties do not dispute that diversity of

citizenship exists. Plaintiffs, instead, argue that the complaint does not meet the amount in

controversy requirement for diversity jurisdiction.

Page 2 - FINDINGS AND RECOMMENDATION

When a defendant removes a case from state court, the defendant bears the burden of establishing federal jurisdiction, including the amount in controversy requirement. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).  When a complaint filed in state court "alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied, unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996).  Where the complaint is unclear and does not specify a total amount in controversy, a defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold. Id. at 700-01 (district court properly applied a preponderance of the evidence standard where the complaint alleged that each plaintiff's damages were less than $75,000 but the prayer for relief did not include a total dollar amount in controversy and sought several forms of relief in addition to damages).

Courts decide whether the amount in controversy requirement has been met by first considering whether it is "facially apparent" from the complaint. Abrego v. Dow Chem. Co., 443 F.3d 676, 690 (9th Cir.2006) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir.1997). If not, the court may then consider facts in the removal petition and may require the parties to submit evidence. Id. Where a plaintiff seeks actual and punitive damages, the courts consider both in determining the amount in controversy. Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943).

Here, the amount in controversy is facially apparent from the complaint.  Plaintiffs seek $40,000 in actual damages and $1,000,000 in punitive damages to be asserted in an amended

complaint.[1] Oregon law allows for punitive damages in this case. Honeywell v. Sterling Furniture Co., 310 Or. 206, 210 (1990) (stating "[p]unitive damages are allowed in Oregon to punish a willful, wanton or malicious wrongdoer and to deter that wrongdoer and others similarly situated from like conduct in the future.) Plaintiffs argue, however, that the amount sought is below the threshold because the complaint only seeks $40,000 in actual damages and, per the requirements of Or. Rev. Stat. § 31.725 states an intention to amend to seek punitive damages. I do not find this argument persuasive.

Despite Oregon's punitive damages pleading requirements, federal courts may consider the potential for punitive damages when determining the amount in controversy. Gibson v. Chrysler Corp., 261 F.3d 927, 946 (9th Cir.2001); see also, Pruett v. Erickson Air-Crane Co., 183 F.R.D. 248, 250-52 (D.Or. 1998) (finding that Oregon's punitive damages statutes conflict with federal pleading requirements and liberal discovery scheme and "does not apply to litigants in federal diversity cases.")[2] Moreover, remanding this matter would be an exercise in futility. Plaintiffs' counsel asserted during oral argument that he does intend to amend the complaint to assert $1,000,000 in punitive damages and conceded that after such amendment, the amount in controversy threshold would be met and removal would be proper. Even assuming that there is a potential for an unspecified amount of punitive damages because plaintiffs have yet to "officially" add this claim, Wells Fargo has established that it is more likely than not that the potential punitive damages

---

[1] Oregon law prohibits plaintiffs from including a prayer for punitive damages in the initial complaint. Or. Rev. Stat. § 31.725.

[2] I note that Oregon's punitive damages pleading statute also conflicts with 28 U.S.C. § 1441, which requires that a defendant file a notice of removal within thirty days after first becoming a party to an action.

Page 4 - FINDINGS AND RECOMMENDATION

available to plaintiffs in this action far exceed the amount in controversy requirement. <u>Guglielmino</u>, 506 F.3d at 700-01. Specifically, in its response in opposition, Wells Fargo summarizes several telephonic harassment cases in which plaintiffs have recovered well over $75,000 in punitive damages.   (#8 at 14-15).

I find that Wells Fargo has satisfied its burden to show that plaintiffs' punitive damages will exceed $35,000 (the amount necessary when combined with the $40,000 claim for actual damages to exceed the threshold) and has also shown that plaintiffs' attorney fees are likely to be at least $65,000. (#8 at 18-19).  Accordingly, this court has subject matter jurisdiction to hear this case.

**Conclusion**

For the foregoing reasons, I recommend that this court deny plaintiff's motion (#6).

These Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed.  The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this _8th_ day of August 2012.

THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION